UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Grover G. Allen,

Plaintiff,

vs.

ORDER
and
REPORT AND RECOMMENDATION

Jesse Ventura; John A. Chesterman; Craig Nelson; David Walker; Donald Nolander; and Freeborn County, Minnesota,

Defendants.

Civ. No. 01-1678 (DWF/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 13th day of November, 2001.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A) and (B), upon the Plaintiff's Application to Proceed in forma pauperis, and upon his Motion for Appointment of Counsel. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendants.

The Plaintiff is currently incarcerated at the Freeborn County Jail. He commenced this action, on September 11, 2001, under Title

6 7

FILED NOV 13 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

42 U.S.C. §1983, as he contends that the Defendants violated his constitutional rights in a variety of ways. He also filed the current Application to proceed in forma pauperis, and later filed a Motion for Appointment of Counsel.

On September 17, 2001, this Court advised the Plaintiff that his in forma pauperis Application was incomplete as it did not include the certified prisoner trust account information that is required by Title 28 U.S.C. §1915(a)(2).[1] In addition, the Plaintiff failed to pay the initial partial filing fee that is required in prisoner in forma pauperis actions by Title 28 U.S.C. §1915(b)(1). Our Order afforded the Plaintiff thirty days to cure the two defects in his original request for in forma pauperis status, in order that he could submit both a new Application to Proceed Without Prepayment of Fees, on the prescribed form, and the correct amount of the initial partial filing fee that is required under Title 28 U.S.C. §1915(b)(1). See, Docket No. 4, at 7.

---

[1]We further acknowledged, in our Order, the Plaintiff's contention that the Jail officials were refusing to provide the pertinent certified trust account information. However, in our Order, we directed "an authorized official to provide the pertinent information, as outlined in [the] Order, if requested by the Plaintiff." Docket No. 4, at 4 n.1. We further advised the Plaintiff that, if the officials failed to provide the requested information, he should prepare and file an Affidavit outlining his attempts to obtain that information. Neither the certified trust account information, nor an Affidavit, have been submitted to this Court.

Our Order expressly advised the Plaintiff that his case would be subject to dismissal unless he complied with both of the requirements within the time allowed. Id. ("[I]n the event that the Plaintiff fails to submit both the new Application to Proceed Without Prepayment of Fees, and his initial partial filing fee, within thirty days after the date of this order, it will be recommended that this action be dismissed without prejudice, for failure to prosecute."). The deadline for satisfying the directives of our Order expired more than two weeks ago, and the Plaintiff has yet to satisfy either one of them. Therefore, based on the Plaintiff's failure to comply with this Court's Order dated September 17, 2001, and his failure to prosecute this action, we recommend that his Complaint be dismissed, without prejudice. See, Rule 41(b), Federal Rules of Civil Procedure (declaring that actions may be dismissed for failure to comply with Court Orders); see also, Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a Federal Court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997)(advising that the failure to submit financial information required by Section 1915(a)(2), or an initial partial filing fee required by Section 1915(b)(1), "may result in dismissal of a prisoner's action").

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Request for a Special Order [Docket No. 3] be DENIED, as moot.

2. That the Plaintiff's Request for Appointment of Counsel [Docket No. 5] be DENIED, as moot.

AND, It is --

RECOMMENDED:

1. That the Plaintiff's Complaint [Docket No. 1] be dismissed for failure to comply with this Court's Order dated September 17, 2001, and for lack of prosecution.

2. That the Plaintiff's Application to proceed in forma pauperis [Docket No. 2] be denied, as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than December 3, 2001,** a writing which specifically identifies those portions of the

Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than December 3, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.